IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| ANGELA K. THOMPSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:15-CV-00128 |
| TEVA PHARMACEUTICALS USA, INC., TEVA WOMEN'S HEALTH, INC., TRINITY HEALTH, DAVID AMSBURY, D.O., | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS TEVA PHARMACEUTICALS USA, INC.'S AND TEVA WOMEN'S HEALTH, INC.'S MOTION TO SEVER DEFENDANTS TRINITY HEALTH AND DAVID AMSBURY, D.O., AND PLAINTIFF'S MEDICAL NEGLIGENCE CLAIM**

Teva Pharmaceuticals USA, Inc., and Teva Women's Health, Inc. ("Product Defendants"), by and through counsel, respectfully request the Court to sever defendants Trinity Health and David Amsbury, D.O. ("Healthcare Defendants"), and the medical negligence claim brought by plaintiff against the Healthcare Defendants, from the claims brought against the Product Defendants because (1) the Healthcare Defendants are improperly joined and/or (2) the Healthcare Defendants are not necessary parties.

The Supreme Court has interpreted the statute governing diversity jurisdiction to require courts in certain contexts to "look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *Mississippi ex rel. Hood v. Au Optronics Corp.*, 134 S. Ct. 736, 745 (2014). The Court addressed this same concept in *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 93 (2005) ("Ordinarily, a court will not interfere with the consequences of a plaintiff's

selection in naming parties, unless the plaintiff has impermissibly manufactured diversity or used an unacceptable device to defeat diversity" (internal quotations omitted)).

As explained in the Product Defendants' Notice of Removal, plaintiff's unrelated medical negligence claim against the Healthcare Defendants has been improperly joined with the products liability claims against the Product Defendants. (*See* Notice of Removal, pp. 5-9.) As a result, the Healthcare Defendants' citizenship should be ignored for the purposes of removal. *See* 28 U.S.C. § 1441(b). Plaintiff's sole substantive claim against the Healthcare Defendants is a medical negligence claim, and it does not arise out of the same transaction or occurrence as the product liability claims brought against the Product Defendants. In similar circumstances, courts in this circuit have found severance is proper and the claims against the Healthcare Defendants should be severed from the claims against the Product Defendants. *See, e.g.*, *In re Stryker Rejuvenate & ABG II Hip Implant Prods. Liab. Litig.*, MDL No. 13-2441, Case No. 13-1811 (DWF), 2013 WL 6511855 (D. Minn., Dec. 12, 2013); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, MDL No. 05-1708, Case No. 07-1487 (DWF), 2007 WL 2572048 (D. Minn., Aug. 30, 2007); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, MDL No. 05-1708, Case No. 07-1129 (DWF), 2007 WL 5377783, *2 (D. Minn., June 4, 2007.)[1]

---

[1] *See also Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004) (remanding medical malpractice claims against a non-diverse doctor while retaining jurisdiction over product liability claims); *Stone v. Zimmer, Inc.*, Case No. 09-80252-CIV, 2009 WL 1809990, *4 (S.D. Fla. June 25, 2009) ("The joinder of the malpractice claims against [the doctor] and the [pain management center] with the product liability claim against [the product manufacturer] is thus inappropriate because these claims do not both involve common questions of law or fact and do not assert joint, several, or alternative liability arising out of the same transaction, occurrence or series of transactions or occurrences."); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) (severing and remanding claims against healthcare provider and retaining jurisdiction over claims against mesh patch manufacturer "so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and to preserve the interests of judicial efficiency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum.")

Further, as the Product Defendants stated in their Notice of Removal, the Court may sever the claim against the Healthcare Defendants at its discretion because those defendants are not necessary parties to the claims against the Product Defendants. Federal courts have the authority to drop non-diverse parties under Rule 21 of the Federal Rules of Civil Procedure to achieve complete diversity. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."). Rule 21 permits a district court to retain diversity jurisdiction over a case by dropping a non-diverse party, as long as that party is not indispensable under Rule 19 of the Federal Rules of Civil Procedure. *See Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1057 (8th Cir. 2013) citing *Newman-Green*, 490 U.S. at 837-38; see *Bailey v. Bayer Cropscience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009); *Blaske v. Burger King Corp.*, No. 4-91-243 (R), 1991 WL 238998, *2 (D. Minn., Oct. 9, 1991) (a court "may invoke Rule 21 to maintain subject matter jurisdiction by dropping a non-diverse party who is not indispensable"). A party is "necessary" if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a).

Here, those criteria are not met. The Healthcare Defendants are not necessary parties because the resolution of the claim against them would not resolve plaintiff's claims against the Product Defendants, or vice versa. Ms. Thompson's medical negligence claim and allegations significantly differ from her products liability claim. Plaintiff's claims against the Product

Defendants will require plaintiff to prove that the alleged deficiencies in the FDA approved warnings for ParaGard IUD rendered the ParaGard defective and unreasonably dangerous and that the Product Defendants were negligent with respect to the alleged deficiencies in the warnings. To the extent, plaintiff pursues a manufacturing defect case, she will need to prove that her ParaGard deviated from its specifications and that deviation rendered her ParaGard defective and unreasonably dangerous. In addition, plaintiff must prove proximate causation with respect to her product liability claims. None of those product liability claims involve plaintiff proving that the Product Defendants breached a standard of medical care. The essential elements and factual allegations of the medical negligence claim against the Healthcare Defendants and the products liability claims against the Product Defendants are not the same. Any liability that may be found against the Healthcare Defendants or the Product Defendants would not be a basis for liability as to the other, and if there is liability (which the Product Defendants deny) it would be separate as to each. Thus, if the Healthcare Defendants are severed from this case, they will be equally capable of protecting their interests in state court and their absence will not expose the Product Defendants to double or inconsistent obligations in federal court. A finding that the Healthcare Defendants are not necessary parties is sufficient grounds to sever the claims against them under Rule 21 without resolving the issue of whether they also are fraudulently misjoined. *See Newman-Green, Inc.*, 490 U.S. at 832; *Chavez-Lavagnino*, 714 F.3d at 1057; *Mayfield v. London Women's Care, PLLC*, No. 15-19 (DLB), 2015 WL 3440492, *6 (E.D. Ky., May 28, 2015) ("Having concluded that Dr. Mechas and London Women's Care, PLLC should be severed from this action pursuant to Rule 21, the Court need not address the doctrine of fraudulent misjoinder in this Order.")

Accordingly, the Product Defendants respectfully ask this Court to exercise its discretion under Rule 21 to sever the claims brought by plaintiff against the Healthcare Defendants, and retain

4

jurisdiction over the remaining claims brought against the Product Defendants. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Newman–Green, Inc.*, 490 U.S. at 832 ("Almost every modern Court of Appeals faced with this issue has concluded that it has the authority to dismiss a dispensable nondiverse party by virtue of Rule 21.").

Dated: 9/10/15

PEARCE & DURICK

By: _____
ZACHARY E. PELHAM, ND #05904
Email: zep@pearce-durick.com
314 East Thayer Avenue
P.O. Box 400
Bismarck, North Dakota 58502
(701)223-2890 (telephone)
(701)223-7865 (facsimile)

*Attorney for Defendants Teva Pharmaceuticals USA, Inc. and Teva Women's Health, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on the 10th day of September, 2015, the foregoing document was filed with the Clerk of Court via email and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Christopher J. Thompson, Esq.
Mark A. Schwab, Esq.
GRANDE FRISK & THOMPSON
2700 12th Avenue South, Ste. A
Fargo, ND  58103
Tel:    (701) 365-8088
Tel:    (844) 768-4789
E-mail: chris@grandefrisk.com
E-mail: mark@grandefrisk.com
***Counsel for Plaintiff***

Randall S. Hanson, Esq.
CAMRUD MADDOCK OLSON
   & LARSON LTD.
401 DeMers Avenue, Suite 500
Grand Forks, ND  58206-5849
Tel:    (701) 775-5595
Fax:    (701) 772-3743
E-mail: rhanson@camrudlaw.com
***Counsel for Defendants Trinity Health and David Amsbury, D.O.***

_____
ZACHARY E. PELHAM